# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY ELMORE, | ) |
| Plaintiff, | ) )  ) |
| v. | ) ) |
| CITY OF MEMPHIS, SHELBY COUNTY, MEMPHIS CITY COUNCIL, SHELBY COUNTY COMMISSION, SHELBY COUNTY SCHOOL BOARD, MEMPHIS TOURISM and KEVIN KANE, CHARLES EWING, JAMILA SWEARENGEN, MEMPHIS ARTS COUNCIL, INDIE MEMPHIS, G.A. HARDAWAY, ORANGE MOUND ARTS COUNCIL, MARY MITCHELL, TONI HOLMON TURNER, PAUL YOUNG, DR. W.W. HERENTON, SHELBY COUNTY HISTORICAL COMMISSION, JIM ROUT, THE COMMERCIAL APPEAL, JOHN BEIFUSS, and LINN SITLER, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 25-cv-02526-SHL-tmp |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM AND FOR LACK OF STANDING

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation ("R&R"), filed October 19, 2025, recommending that the Court dismiss pro se Plaintiff Anthony Elmore's complaint as to all Defendants for failure to state and claim and because the Court lacks jurisdiction due to Elmore's lack of standing. (ECF No. 10). Elmore filed objections to the R&R on December 4, 2025. (ECF No. 13). For the reasons described below, the Court **ADOPTS** the R&R and **DISMISSES WITHOUT PREJUDICE** Elmore's Complaint.

## BACKGROUND

The Chief Magistrate Judge accurately described Elmore's complaint (ECF No. 2), which is "styled as an action brought under [42 U.S.C.] § 1983" (ECF No. 10 at PageID 34).  In brief, Elmore seems to be challenging political decisions made by local government officials that he alleges constitute historical erasure of his film's role in black history.  (See ECF No. 2-1 at PageID 12–14.)  Elmore introduces his "second amended complaint"[1] with the following statement: "[t]his is a civil action seeking injunctive relief and other remedies for systemic discrimination, the deliberate failure to acknowledge and actively suppress a landmark achievement in Black world history and Memphis history – the 1988 film 'The Contemporary Gladiator' – and related grievances."  (Id. at PageID 5.)  He then proceeds, for eleven pages, to assert mostly generalized concerns about political decisions made by various municipal and governmental entities.

Judge Pham detailed the many conclusory allegations that form the foundation of Elmore's complaint.  (ECF No. 10 at PageID 36).  The allegations include: "Failure to Support Black History and Culture," "Discrimination in Tourism Promotion," "Intentional Suppression of a Landmark of World Black History," "Fraudulent Misuse of Funds and Position," "Discrimination by Film Organizations and Media," "Failure to Acknowledge Black History," "Failure to Support Education and International Diplomacy," "Violation of Civil Rights," and "Suppression of Plaintiff's Efforts to Promote Black History and Cultural Exchange."  (Id. at PageID 32).

---

[1] The "Second Amended Complaint" is a typed document attached to the § 1983 complaint form template.

Judge Pham correctly explained that, to state a claim under § 1983, a plaintiff must identify a constitutional right, then "show that a person acting under the color of state law deprived him of that right." (Id. at PageID 34–35 (quoting Susselman v. Washtenaw Cty. Sheriff's Office, 109 F.4th 864, 870 (6th Cir. 2024)). However, Judge Pham concluded that it was unclear exactly which constitutional right Elmore was alleging was violated, and, even if Elmore had sufficiently alleged a constitutional violation, he failed to provide factual allegations to support a claim that any of the defendants either deprived him of a constitutional right or acted under the color of state law. (Id. at PageID 35.)

Judge Pham concluded that, even under the less stringent standards applied to pro se complaints, Elmore failed to state a claim for which relief could be granted under § 1983. (Id.) (citing Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)). Judge Pham also concluded that Elmore lacks Article III standing to bring a claim. (ECF No. 10 at PageID 35.) The R&R recommends denying Elmore's Motion to Amend Complaint because amendment would be futile, as the proposed amended complaint "does not cure Elmore's failure to state a claim under § 1983." (Id. at PageID 36). Ultimately, Judge Pham recommends that the case be dismissed for failure to state a claim under § 1983 and for lack of Article III standing.

## **LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for the involuntary dismissal of an action. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed

3

findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

Elmore's offers brief, general objections to the R&R with accompanying exhibits that he asserts indicate his unique status.  He begins his introduction with an objection "to any ruling that minimizes his standing, the significance of his historical and cultural achievements, or the plausibility of his claims of racial discrimination and historical erasure . . . [as] the Plaintiff is a figure of international and federal notability whose documented achievements contradict the local historical revisionism and racial discrimination alleged against the Defendants."  (ECF No. 13 at PageID 44).  He then offers a description of the exhibits attached to his objections, including the following:

    I.    **Argument on Exhibit C: Federal Validation of Cultural Diplomacy**

The Plaintiff's African Cultural Diplomacy was officially sanctioned and preserved by the U.S. Government, establishing a permanent historical record that transcends local politics.

- **Diplomatic Intent and Acceptance:** The Plaintiff sent the African Tuxedo (made in Ghana by his tailors) as an intentional act of cultural diplomacy. The gift was formally accepted, and the Plaintiff received a personal **Thank You Letter from President Barack Obama**, dated July 14, 2009.
- **Official Acknowledgment in Congress:** The Plaintiff's work as the "innovator of African style" was officially acknowledged and commended by U.S. Congressman Steve Cohen in the Congressional Record in July 2009, linking the Plaintiff's diplomatic gesture to the highest level of U.S. foreign policy.
- **Permanent Historical Legacy:** The African Tuxedo is permanently preserved and achieved in the Barack Obama Presidential Library Artifact Collection, cementing the Plaintiff's achievement as a verifiable part of American and African Diaspora history.

    II.    **Argument on Exhibit D: Unimpeachable Film History and Global Distribution**

The Plaintiff's cinematic contributions hold verifiable historical precedence and worldwide commercial reach, directly countering the false historical claims of the Memphis/Shelby County Film Commission.

- **Historical Precedence:** The Plaintiff's original film, *The Contemporary Gladiator*, was produced in 1988, thereby predating the 1989 film *Mystery Train*.
- **Four-Pillar Global Distribution**: The film achieved broad commercial distribution across four distinct markets, proving its status as a widely recognized theatrical product:
  1. **Domestic Distribution:** Distributed nationwide under the title *Iron Thunder*.
  2. **European Distribution:** Distributed and dubbed in Germany under the title *Kickbox Gladiator*.
  3. **Asian Distribution:** Distributed across Asia via Yes Asia under the title *Contemporary Gladiator*.
  4. **African Premiere:** The film premiered at the Nairobi Cinema in Kenya in 1990.
- **Conclusion:** The Defendants' designation of *Mystery Train* as Memphis's first independent 35mm film is demonstrably false and constitutes a discriminatory act of historical erasure against the Plaintiff, whose work holds documented international precedence.

### III. Argument on Exhibit E: Foundation of Diplomacy and Cultural Precedence

The Plaintiff's deep, long-standing commitment to Africa and his creation of a cultural institution in Memphis provide the verifiable foundation for his diplomatic achievements.

- **Cultural Center & Political Ties:** The Plaintiff established the Safari House Museum & Cultural Institute at 1035 Semmes to showcase "The Beauty of Africa in America." This institution was recognized by local government, evidenced by the hosting of Congressman Steve Cohen for a public event.
- **Economic and Cultural Commitment:** The Plaintiff documented unloading a container from Ghana in 2006 to furnish the Safari House, demonstrating a long-term, tangible economic commitment that forms the basis of his "African Style" mission.
- **Direct Presidential Family Ties:** The Plaintiff's connection to the African continent is further validated by the photograph of him meeting Grandmama Sarah Obama in Kenya in 2013, demonstrating an unparalleled, personal cultural bridge to the President's ancestral home.

(Id. at PageID 44–45).

Although these exhibits have historical and/or cultural significance, none of Elmore's assertions constitute specific objections to the R&R. The objections are either reassertions of conclusory allegations in Elmore's complaint or support for Elmore's "standing" in the community. None can reasonably be characterized as an objection to a conclusion of law or finding of fact in the R&R. Because Elmore's objections are not specific to the legal or factual findings in the R&R, clear-error review applies, and having reviewed the R&R for clear error, the Court has found none. However, dismissal would also be warranted even under a de novo review of the R&R..

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. For Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011). Without factual support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679. The Court cannot create a claim that has not been spelled out in the pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011). Here, Elmore has failed to plausibly allege a claim against any of the Defendants.

This matter appears to challenge the way in which Elmore and his work have been treated by various public entities and public servants. However, the violation of law at issue and Elmore's standing to bring this action are both problematic. To begin, standing is a jurisdictional requirement, and a federal court cannot adjudicate a case in its absence. Tenn. v. United States Dep't of State, 931 F.3d 499, 507 (6th Cir. 2019). To establish standing, "[t]he plaintiff must

have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Donovan v. FirstCredit, Inc., 983 F.3d 246, 251 (6th Cir. 2020) (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016)) (internal quotations omitted).  Absent standing, the claim must be dismissed.

Elmore's objections to "any ruling that minimizes his standing," seem to suggest a colloquial, rather than legal application of the term "standing."  (See ECF No. 13 at PageID 44). No court, including this one, would question Elmore's standing as a historian or filmmaker or any other role he fulfills.  However, standing in the legal context is different, and is the "irreducible constitutional minimum" for a court to hear the case.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992).  Although Elmore appears to be a person of significant standing, that does not confer legal standing upon him for these claims.

Indeed, Elmore has failed to demonstrate any "injury in fact."  Such an injury must be "concrete and particularized and actual or imminent, not conjectural or hypothetical."  Donovan, 983 F.3d at 251 (quoting Spokeo, 578 U.S. at 339); Lujan, 504 U.S. at 560.  To the extent Elmore complained of injuries, they were not concrete, particularized, or actual, particularly as to him. For example, Elmore alleges that Memphis and Shelby County have neglected the historical and cultural needs of Black communities, that they have ignored "Black on Black racism," that he has "publicly called upon Memphis Mayor Paul Young to address systemic 'White Supremacy, Racism, and Black on Black Racism' within the city," and that Shelby County Mayor Lee Harris "disrespected African dignitaries who came to Memphis to celebrate the city's 200th Bicentennial Celebration, further illustrating a disregard for African cultural exchange." (ECF No. 2-1 at PageID 7–8.)  These do not constitute injuries in fact as to Elmore.

Additionally, even if Elmore had satisfied the other elements of standing, he has failed to show a likelihood that a favorable decision could redress his injury. Cf. Ames v. Larose, 86 F.4th 729, 732 (6th Cir. 2023). The record is devoid of any facts that would indicate judicial action surrounding his movie would redress systemic racism.

The only remaining issue from the R&R is Elmore's request for leave to amend. His amended complaint proposes additional defendants to be named as well as new allegations of "misrepresentation of Orange Mound's founding history" and "failure of public officials to respond to community concerns." (ECF No. 8 at PageID 25-26). Judge Pham correctly acknowledged that plaintiffs are generally given an "opportunity to amend," but when "it is patently obvious that the plaintiff could not prevail on the facts alleged," dismissal is appropriate. (ECF No. 10 at PageID 36) (citing Brown, 415 F. App'x at 613). After reviewing the proposed amended complaint, Judge Pham correctly concluded that amendment would be futile. When a deficiency cannot be cured, leave to amend is not required, which is consistent "with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts." Williams v. Dyersburg Police Dep't, No. 1:18-cv-1259-JDT-cgc, 2019 WL 1895576, at *2 (W.D. Tenn. Apr. 29, 2019) (quoting Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001)).

Ultimately, the "requirement that a plaintiff be given the opportunity to amend does not apply to sua sponte dismissals for lack of jurisdiction" based on the claims being patently frivolous, attenuated, or unsubstantial. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). Given Elmore's failure to allege a plausible claim or demonstrate standing, in addition to the frivolous and meritless nature of his complaint, the Court agrees with Judge Pham's conclusion that his request for leave to amend be denied.

## **CONCLUSION**

Given the reasoning above, upon both clear error and de novo review, the Court agrees with Judge Pham's conclusion that Elmore's complaint should be dismissed. The Court therefore **ADOPTS** the Chief Magistrate Judge's R&R in its entirety and Elmore's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 5th day of March, 2026.

> s/ Sheryl H. Lipman
> SHERYL H. LIPMAN
> CHIEF UNITED STATES DISTRICT JUDGE